FILED
SUPERIOR COURT
OF GUAM

2019 NOV 27 PM 3: 22

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0047-13 |
| | ) | |
| vs. | ) | DECISION AND ORDER |
| | ) | (Motion to Reconsider) |
| JAY DIAZ SANTOS, | ) | |
| DOB: 10/22/1977 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on Defendant Jay Diaz Santos's ("Santos") Motion to Reconsider the Court's July 10, 2013 Decision and Order on his Motion to Suppress. Attorney Clyde Lemons Jr. represents Santos. Attorney Jeremy Kemper represents the People of Guam ("People"). A Motion Hearing was held on September 12, 2019, and the Court subsequently took this matter under advisement. Upon review of the arguments and legal authorities presented by the parties, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Santos's Motion to Reconsider.

*People v. Santos*; CF0047-13

## BACKGROUND

On January 25, 2013, a Superior Court of Guam judge ("the issuing court") issued two search warrants; one for Santos's vehicles and one for his residence located at 733 Santa Cruz Drive, Chalan Pago. Guam Police Department ("GPD") officers executed the searches and discovered marijuana, packing supplies, approximately $80,000.00 is U.S. currency, a currency counter, two pistols, assorted ammunition, a digital scale, and various drug paraphernalia.

On March 5, 2013, Santos filed a Motion to Suppress and a supporting memorandum, neither of which contained any relevant facts or legal arguments. On April 9, 2013, the People filed an Opposition in which they assumed Santos's argument for suppression rested on the fact that the address of Santos's home was slightly different than the address on the search warrant. On April 22, 2013, Santos filed a Reply in which he argued that the residence searched had a different address than the residence stated in the search warrant, the warrant did not state that marijuana was an item to be seized, and that there was no probable cause for the warrant to be issued. On July 10, 2013, the Court denied Santos's Motion, ruling that the difference in the address was not fatal to the search and that the officers rightfully seized the marijuana despite it not being listed as an item to be seized. The Court did not, however, address Santos's argument that there was no probable cause for the warrant to be issued.

On July 17, 2013, Santos filed a Motion to Reconsider, arguing that the Court erred by failing to address his probable cause argument. On November 29, 2013, the Court denied this motion, holding that a Superior Court judge lacked the authority to review a finding of probable cause made by another Superior Court judge.

On December 29, 2017, the Guam Supreme Court issued a decision in *People v. Gallo*, 2017 Guam 24, holding that "a Superior Court judge has the authority to review a probable cause determination made by another Superior Court judge under a clear error standard of review." *Id.* at ¶ 3.

<u>DISCUSSION</u>

**A.      There has been a change of law since the time of the initial decision.**

A motion for reconsideration brought under Rule 7.1(i) of the Local Rules of the Superior Court of Guam is appropriate on the grounds of "the emergence of new material facts or a change of law occurring after the time of such decision." CVR 7.1(i). Additionally, the Supreme Court of Guam has held that reconsideration may be granted where "there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1 ¶ 10. Although the Court may reconsider and amend a previous order, it is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Guam Bar Ethics Comm. v. Maquera*, 2001 Guam 20 ¶ 9 (citing *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

In its initial ruling on Santos's Motion to Suppress, the Court did not address Santos's argument regarding a lack of probable cause for the issuance of the search warrant, holding that the Court was "disinclined to become an appellate court for a review of the issuing Superior Court Judge's finding of probable cause" and that "[i]t is not for this Court to review a finding of probable cause by another trial court after that Court's issuance of a warrant." Dec. & Order at 2 (Nov. 29, 2013). The Court held that Santos's probable cause argument was therefore "defeated *ab initio.*" *Id.*

*People v. Santos*; CF0047-13

The Court's holding has since been rejected by the Supreme Court of Guam in *Gallo*, 2017 Guam 24. The Supreme Court noted that while "[t]here is no explicit grant of authority … that permits one Superior Court judge to review the decision of another Superior Court judge when the motion to suppress evidence is based on the argument that there was insufficient probable cause to support the issued search warrant," the statutes establishing the jurisdiction of the Superior Court "provide the authority for a Superior Court judge to review the probable cause determination of another Superior Court judge when considering a motion to suppress evidence obtained via search warrant." *Id.* at ¶¶ 20-21. The Supreme Court further held that "[a] reviewing court may not suppress evidence based upon a lack of probable cause unless the issuing court's probable cause determination was clearly erroneous." *Id.* at ¶ 25.

The Court's prior decisions regarding Santos's Motion to Suppress and initial Motion to Reconsider are inconsistent with the Guam Supreme Court's subsequent holding in *Gallo*. Therefore, Santos has demonstrated that there has been a change in controlling law and reconsideration is appropriate at this time.

**B. The issuing court's probable cause determination was not clearly erroneous.**

Having determined that reconsideration is appropriate, the Court will examine the issuing court's determination of probable cause. Santos seeks the suppression of evidence discovered during the execution of two different search warrants: one for his residence and one for his vehicles. Both search warrants are being challenged, now upon the same grounds as before – that the search warrants were issued without probable cause because they were based exclusively upon information supplied by an informant whose identity was undisclosed, who

had a motive to be untruthful, and who did not have a history of credibility. Santos further argues that the information was stale.

The Affidavit and Application for Search Warrant contains a "Statement of Probable Cause" in which the applying officer, GPD Officer Carl J. Lizama, describes his basis for seeking a warrant. Officer Lizama states that on January 25, 2013, he and other officers executed a search warrant at a residence in Mangilao. During the search, officers discovered suspected methamphetamine. The owner of the suspected methamphetamine ("source of information" or "SOI") told the officers that he/she received the methamphetamine from Santos. The SOI further stated that he/she had been assisting Santos in packaging and distributing methamphetamines for the past six (6) years and had seen approximately one (1) pound of methamphetamine and a Nike bag containing approximately $100,000.00 in U.S. currency at Santos's residence about four (4) days prior. The SOI also said that he/she had delivered methamphetamines to three individuals on behalf of Santos. All three names were known to the officers as known drug users and dealers. The SOI then directed the officers to a residence he/she described as belonging to Santos, which the Department of Motor Vehicles was able to corroborate as Santos's listed residence. The officers' observation of the residence matched what was described by the SOI. Officer Lizama then spoke with GPD Special Agent Carl Nesmith, who informed Lizama that GPD's Special Investigation Section had been receiving information about Santos being a major distributor of methamphetamine for the previous two (2) years.

Pursuant to *Gallo*, a reviewing court will not suppress evidence based upon a lack of probable cause unless the issuing court's determination was clearly erroneous. "A finding is

*People v. Santos*; CF0047-13



clearly erroneous when, even though some evidence supports it, the entire record produces the definite and firm conviction that the court below committed a mistake." *People v. Mansapit*, 2016 Guam 30 ¶ 8 (quoting *People v. Camacho*, 2004 Guam 6 ¶13). Also, "[i]n reviewing the validity of a search warrant, a court is limited to the information and circumstances contained within the four corners of the underlying affidavit." *United States v. Stanert*, 762 F.2d 775, 778 (9th Cir. 1985). This means that items later found during the search are irrelevant in determining whether a warrant was valid. Discovery of incriminating evidence does not justify an improper warrant, and conversely, finding nothing during a search does not invalidate a proper warrant.

Lastly, in a motion to suppress evidence, "the defendant bears the burden of proof when a search or seizure is conducted pursuant to a warrant." *People v. Calhoun*, 2014 Guam 26 ¶ 9 (quoting *People v. Santos*, 1999 Guam 1 ¶ 51). When a court is considering whether an informant's tip is sufficient to support a finding of probable cause, the court must employ a totality-of-the-circumstances approach that takes into consideration the informant's "veracity" or "reliability" and his "basis of knowledge." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *Gallo*, 2017 Guam 24 ¶ 29.

1. Reliability of the SOI

The Court notes that the SOI identified Santos during an interview following a search which implicated the SOI himself in drug distribution. The SOI therefore had an incentive to implicate others in hopes of gaining favor with law enforcement. Information from a newly-arrested informant merits a greater dose of skepticism when assessing credibility. *United States v. Olson*, 408 F.3d 366, 370 (7th Cir. 2005). *see also Williamson v. United States,* 512 U.S.

594, 607-08 (1994) ("A person arrested in incriminating circumstances has a strong incentive to shift blame or downplay his own role in comparison with that of others, in hopes of receiving a shorter sentence and leniency in exchange for cooperation.") However, a motive to curry favor does not necessarily render an informant unreliable. Even informants "attempt[ing] to strike a bargain with the police [have] a strong incentive to provide accurate and specific information rather than false information about [a defendant's] illegal activity." *United States v. Koerth*, 312 F.3d 862, 870 (7th Cir. 2002). In the present case, the SOI's hopes of leniency were only realistic if he provided law enforcement with accurate information, as he would have known that inaccurate information would have only hurt his situation.

Next, while there is no indication that the SOI had a history of reliability, he was a "known" informant (as opposed to an anonymous tipster) because the police knew his identity at the time he provided information. *United States v. Ouitugua*, No. 16—00004, 2016 WL 3620727, at *3 (D. Guam June 29, 2016). A statement from a known informant is more credible than a statement from an anonymous tipster because a known informant can be held responsible if his allegations turn out to be fabricated. *Fla. v. J.L.*, 529 U.S. 266, 270 (2000). The SOI's information is also considered more reliable because he revealed the basis of knowledge of the tip—that he himself had received drugs from Santos. *See Spinelli v. United States*, 393 U.S. 410, 416 (1969) (abrogated on other grounds by *Gates*, 462 U.S. at 238).

The Court notes that the SOI did not predict any future behavior and did not have a history of reliability, both factors which the United States Supreme Court held to be of importance in *Gates*. Officer Lizama was, however, able to corroborate some of the information provided by the SOI. The SOI identified the home of Santos, which Lizama was

able to corroborate with the Department of Motor Vehicles. GPD's Special Investigation Section also confirmed that it had been receiving information about Santos being a major distributor of methamphetamine for the previous two (2) years.

Lastly, the Court notes that its Decision and Order denying Santos's Motion to Suppress, despite ultimately ruling that the Court lacked the authority to review the issuing judge's finding of probable cause, did reach conclusions which suggest that there was probable cause for the issuance of a search warrant. In determining that the incorrect address did not make the search warrant deficient, the Court recalled the information provided by Officer Lizama and stated the following:

> Taken together, the circumstances here do not destroy the constitutionality of the search. There was a description from a police informant. There was verification of the informant's information via government records. There was also an on-site visit made by detectives prior to the application of the warrant. As such, the risk that another premise might mistakenly be searched is sufficiently curbed.

Dec. and Order at 3 (July 8, 2013). The same analysis is applicable to determining whether the SOI's information was sufficient to establish probable cause that a crime had been committed.

Based on the totality of the circumstances, the Court finds that the information provided by the SOI was sufficiently reliable to act as a basis for the issuing court to find probable cause to search Santos's home and vehicles for evidence of drug trafficking.

2. Staleness

Santos further argues that the information received from the SOI was stale. To determine whether the information used to support a warrant is stale, the Court must take into account the nature of the unlawful activity alleged, the length of the activity, and the nature of the property to be seized. *United States v. Redd*, 341 F. App'x 864, 865-66 (4th Cir. 2009).

"Narcotics conspiracies are the very paradigm of the continuing enterprises for which the courts have relaxed the temporal requirements of non-staleness." *United States v. Rowell*, 903 F.2d 899, 903 (2d Cir. 1990).

On January 25, 2013, the SOI informed officers that he/she had been assisting Santos in packaging and distributing methamphetamines for the past six (6) years and had seen approximately one (1) pound of methamphetamine and a Nike bag containing approximately $100,000.00 in U.S. currency at Santos's residence about four (4) days prior. The search warrant was signed and executed on that same day.

While the most recent observation of drug trafficking may have occurred a few days prior to the issuance of the search warrant, the Court recognizes that this matter involves allegations of drug dealing, which is "a continuing pattern of criminal conduct, not a crime consisting of a single transaction." *United States v. Cochrane*, 896 F.2d 635, 641 (1st Cir. 1990) (citations omitted). *See also United States v. Formaro*, 152 F.3d 768, 771 (8th Cir. 1998) ("where continuing criminal activity is suspected, the passage of time is less significant."). Based on the nature of the alleged criminal activity and the evidence anticipated to be discovered, the Count finds that the information provided by the SOI was not stale.

## CONCLUSION

It is not this Court's inquiry to resolve whether there was a sufficient basis to issue the search warrants *de novo*, but whether under the totality of circumstances there was a substantial basis for the issuing judge to grant the request for the warrant. *People v. Gallo*, 2017 Guam 24 ¶ 25. The Court holds that the issuing judge was not "clearly erroneous" in finding that the SOI was reliable enough to establish probable cause for searches of Santos's residence and vehicles.



The Court therefore **GRANTS IN PART** the Motion as the Court has reconsidered its decision, and **DENIES IN PART** the Motion as there was a substantial basis for the issuing judge to grant the request for a search warrant.

**SO ORDERED** this ___11/27/19___.

_____
**HONORABLE ANITA A. SUKOLA**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG Prosecution,
Lujan & Wolff

Date: 11/27/19 Time: 3:30p

Antonio Cruz
Deputy Clerk, Superior Court of Guam

*People v. Santos*; CF0047-13

ORIGINAL